IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IHC HEALTH SERVICE, INC. dba INTERMOUNTAIN MEDICAL CENTER,<br><br>Plaintiff,<br>v.<br><br>SWIRE PACIFIC HOLDINGS, INC., dba SWIRE COCA-COLA USA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:18-cv-72-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a Motion to Dismiss filed by defendant Swire Pacific Holdings Inc. on April 26, 2018. ECF No. 17. Plaintiff IHC Health Service, Inc. filed an opposition to that motion on May 17, 2018, ECF No. 25, to which defendant replied on May 31, 2018, ECF No. 26. For the reasons below, defendant's motion is granted in part and denied in part.

I.     BACKGROUND

Defendant Swire Pacific Holdings, Inc., dba Swire Coca-Cola USA ("Swire") funds a health insurance plan (the "plan") regulated by the Employee Retirement Income Security Act ("ERISA"), of which M.O. is a participant. Swire, as the plan administrator, "has the final authority for the administration and interpretation of the Plan documents." ECF No. 25-1 at 59.[1]

---

[1] Each party refers repeatedly to information contained in the plan document. In general, when a Rule 12(b)(6) movant seeks to rely on documents or other evidence outside the complaint, the court will either exclude those materials or, with proper notice and an opportunity for the non-movant to respond, convert the motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). However, there is a limited exception to this rule under which "[c]ourts are permitted to review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013) (internal quotation marks omitted). Here, the plan document is referred to in the complaint, is central to IHC's claim for recovery of

Swire is additionally the plan's named fiduciary, which ERISA defines as the entity with the "authority to control and manage the operation and administration of the plan.'" *In re Luna*, 406 F.3d 1192, 1201 (10th Cir. 2005).

The plan document designates Regence BlueCross and BlueShield of Utah ("Regence") as the plan's claims administrator, declaring that Regence "is a Plan fiduciary for purposes of paying claims." ECF No. 25-1 at 73.

Plaintiff IHC Health Services, Inc., ("IHC"), operates hospitals in the Intermountain area, including Intermountain Medical Center in Salt Lake City, Utah. IHC provided medical treatment to M.O. at the Intermountain Medical Center from January 14, 2015, through January 20, 2015. IHC billed $82,202.13 for the treatment provided. M.O. signed an Assignment of Benefits ("AOB") in favor of IHC. As a result, IHC "stands in the shoes" of M.O. as beneficiary of the plan, and is thus authorized to appeal, negotiate, or otherwise seek payment of benefits from the plan for M.O.'s treatment. Pursuant to the AOB, IHC submitted a timely claim to Regence seeking payment of benefits. Regence paid $50,143.31, but denied the remainder of the claim on grounds that M.O.'s treatment exceeded usual, customary, and reasonable costs. IHC satisfied the plan's exhaustion requirement through multiple appeals, but Regence did not alter its initial determination.

On January 22, 2018, IHC filed a complaint asserting two causes of action under ERISA: (1) for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B); and (2) for breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2), (3). ECF No. 2.

---

benefits due under the terms of that document, and neither party has called its authenticity into question. Accordingly, the court will consider the plan document for purposes of this motion.

## II.    ANALYSIS

### A.  MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a claim when the plaintiff fails to state a claim upon which relief can be granted. The court's function on a Rule 12(b)(6) motion is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.  COUNT I—RECOVERY OF PLAN BENEFITS

29 U.S.C. § 1132(a) enumerates "[p]ersons empowered to bring a civil action" under ERISA. Subsection (a)(1) authorizes a plan's participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan[.]" § 1132(a)(1)(B). But while other provisions in § 1132 indicate *against whom* certain actions may be brought, subsection (a)(1) contains no specification of the entities that may be properly sued thereunder. As evidenced by the parties' briefing for this motion, Congress's failure to so specify has led to a variegated body of law regarding which entities are proper defendants to an action under subsection (a)(1), in turn creating uncertainty for prospective litigants and opportunities for dilatory procedural motions.

Against this uncertainty, Swire—the plan's sponsor, administrator, and named fiduciary—argues that it is not a proper defendant to an action seeking recovery of plan

benefits.[2] Specifically, Swire argues that IHC's complaint must be dismissed because it fails to allege any facts to suggest that Swire, rather than its claim administrator, Regence, controlled or influenced the partial denial of M.O.'s claim.

"The circuits are divided on whether beneficiaries may bring claims against plan administrators and named fiduciaries in addition to the plan entity."[3] *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 931 (10th Cir. 2006). In addition to those possible defendants, many circuits have held that an employer-sponsor, or other entity that is neither the plan administrator nor its named fiduciary, may nevertheless be sued under § 1132(a)(1)(B) if it can be shown that the entity exercised "authority or control" over benefits decisions. Swire selectively excerpts language from these cases to create the impression that an employer, no matter its status as plan administrator or named fiduciary, may be sued under (a)(1)(B) only if it actually exercised control over the benefits determination being challenged.[4]

---

[2] Swire's motion to dismiss exacerbates this uncertainty by asserting a variety of legal arguments without any indication of whether those arguments correspond to IHC's claim under subsection (a)(1)(B), or to its breach of fiduciary duty claim under subsections (a)(2) and (3). Swire seems to argue, thereby, that it is not ever a proper defendant to an ERISA action. But this is clearly incorrect. Subsections 1132(a)(2) and (c) each indicate who may be sued thereunder. Thus, in an appropriate case, there can be no doubt that Swire may be sued as a fiduciary under subsection (a)(2), or as the plan administrator under subsection (c). For clarity of exposition, the court addresses Swire's arguments alongside the claim to which they best respond.

[3] Swire concedes that the plan entity is always a proper defendant, notwithstanding that such a concession flies in the face of the rule it requests this court to adopt: only the entity that actually decided the claim at issue may be sued under § 1132(a)(1)(B). To avoid issues like the one presented by this motion, the court agrees with the Seventh Circuit's dictum that "it is silly not to name the plan as a defendant in an ERISA suit[.]" *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001) (finding an employer that was the plan administrator and agent for legal process to be a proper defendant).

[4] For example, Swire cites *Heffner v. Delta Air Lines, Inc.*, No. 2-02-cv-1278-DS, 2003 WL 23354484, at *2 (D. Utah Oct. 21, 2003), for the proposition that "a participant or beneficiary of the plan may seek relief against an entity *only* if it is 'shown to control the administration of the plan.'" ECF No. 17 at 4 (emphasis added). But *Heffner* held no such thing. Rather, *Heffner* held that an employer who was not the plan administrator was nevertheless a proper defendant

4

The Sixth Circuit alone has adopted a rule that the *only* proper defendants to an action under (a)(1)(B) are those that "played any role in controlling or influencing the Plaintiff's benefits decision." *See Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 438 (6th Cir. 2013). Swire's motion relies heavily on Sixth Circuit cases applying this rule.

But Sixth Circuit precedent is not binding on this court. The Tenth Circuit, whose precedent is binding, addressed this question in *Geddes*, a case that is absent from both parties' briefs. In *Geddes*, the Tenth Circuit acknowledged the various approaches that have arisen in other courts—including the Sixth Circuit's restrictive interpretation—and declared that "ERISA beneficiaries may bring claims against the plan as an entity *and* plan administrators." *Geddes*, 469 F.3d at 931 (emphasis added). Thus, Swire, as the plan administrator, who possesses "the final authority for the administration and interpretation of the Plan documents[,]" is a proper defendant to an action under § 1132(a)(1)(B).[5] *See* ECF No. 25-1 at 59. As a result, Swire's motion to dismiss IHC's claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) must be denied.

C. COUNT II—BREACH OF FIDUCIARY DUTY

IHC's second count, brought under §§ 1132(a)(2) and (3), alleges that Swire breached its fiduciary duty "[b]y failing to fully investigate the Plaintiff's claims" and "[b]y failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner." This count is

---

because "the plaintiff allege[d] that the employer controlled or influenced the administration of the plan." 2003 WL 23354484, at *2.

[5] The plan document here even lists Swire as the "Agent for Service of Legal Process." Swire's position in this litigation, if genuinely held, leads to the conclusion that its plan document was specifically crafted to mislead participants and beneficiaries about the proper entity against whom to assert a claim for recovery of benefits. While an ERISA plan document is required to "be written in a manner calculated to be understood by the average plan participant," even the most sophisticated of participants would interpret this plan document to invite such an action to be brought directly against Swire. *See* 29 U.S.C. § 1022(a).

5

pleaded in a formulaic manner, and fails to allege sufficient facts to suggest that Swire, rather than Regence, breached its fiduciary duty by failing to investigate or respond to IHC's appeals. Swire argues, and the court agrees, that this factual deficiency is fatal to IHC's second count because, as explained below, any breach of fiduciary duty by Regence is not automatically chargeable to Swire.

29 U.S.C. § 1105(c)(1) provides that "[t]he instrument under which a plan is maintained may expressly provide for procedures . . . for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities . . . under the plan." Subsection (c)(2) declares that when such a procedure is employed, the "named fiduciary shall not be liable for an act or omission of such person in carrying out such responsibility" unless the act of designating or continuing such designation itself amounts to a violation of the named fiduciary's duties to the plan's participants and beneficiaries. Absent narrow circumstances, these subsections insulate a named fiduciary from liability flowing from a breach of fiduciary duty by a co-fiduciary.

Here, the plan document designates Regence as a co-fiduciary for purposes of processing claims. Thus, any conduct that constitutes a breach of fiduciary duty by Regence is not chargeable to Swire unless the act of designating Regence, or continuing that designation, is itself a violation of Swire's fiduciary duty. Accordingly, IHC's second count must be dismissed. However, it will be dismissed without prejudice, and IHC will be given leave to amend to either (1) allege facts regarding Swire's conduct that would amount to a breach of fiduciary duty; or (2) assert this claim against Regence.[6]

---

[6] If IHC elects to amend its complaint, it should be aware of other potential legal defects that Swire failed to raise. First, though IHC's complaint seeks damages flowing from an alleged breach of fiduciary duty, a suit under § 1132(a)(2), even if initiated by a beneficiary, may only result in a recovery for the plan. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). Second, the Supreme Court has interpreted § 1132(a)(3) to constitute a "catchall"

## III. ORDER

For the reasons articulated, defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.** Specifically,

1. Count II, for breach of fiduciary duty, is **DISMISSED WITHOUT PREJUDICE**, and IHC is granted leave to amend, at its option, within 14 days from the date of this order.

2. In all other respects, defendant's Motion to Dismiss is **DENIED.**

Signed January 8, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

provision, providing equitable relief to a beneficiary "for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Thus, when a plaintiff states a claim under § 1132(a)(1)(B), he may not also maintain a claim for equitable relief under subsection (a)(3). *See Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818, 826 (10th Cir. 2003).